IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GABRIEL MIRANDA, *Plaintiff,* | § § § § § § § § § § | CIVIL ACTION NO. 5:23-cv-683 |
| v. | | |
| KENDALL COUNTY, TEXAS, *Defendant.* | | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COMES GABRIEL MIRANDA, Individually (hereinafter referred to as "Mr. Miranda" or "Plaintiff"), by and through undersigned counsel, complaining of Defendant KENDALL COUNTY, TEXAS, and for good cause would show this Honorable Court as follows:

### A. PARTIES

1. Plaintiff, GABRIEL MIRANDA, is an individual who resides in San Antonio, Bexar County, Texas.

2. Defendant, KENDALL COUNTY, is a governmental entity located within the State of Texas. KENDALL COUNTY may be served with process by serving Kendall County Judge Shane Stolarczyk at his place of business, the Kendall County Courthouse at 201 E. San Antonio Ave Suite #122, Boerne, TX 78006.

### B. JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and the Eighth, and Fourteenth Amendments to the Constitution of the United States.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1343 (a)(3) and (4) and by the federal question jurisdiction of 28 U.S.C. § 1331. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Western District of Texas.

### C. Factual Allegations

5. On December 7, 2021, Gabriel Miranda, pleaded guilty to- and was convicted of- driving while intoxicated 2nd ("DWI 2nd") in the 451st District Court of Kendall County, Texas.  As part of a plea agreement, Mr. Miranda was sentenced to 360 days confinement in the Kendall County Jail; said sentence was probated over 15 months.  Under Chapter 49, *et seq*, of the Texas Penal Code, a person convicted of DWI 2nd must serve 72 hours of confinement.  Mr. Miranda reported for his mandatory confinement on December 10, 2021.

6. Upon arrival to the Kendall County Jail, Mr. Miranda was placed in a holding cell with three individuals who had also voluntarily surrendered to the Kendall County Jail.  Mr. Miranda notified the jail that his weight and a prior leg injury precluded him from a top-bunk assignment, and that he required a top bunk.  He communicated that it would be difficult for him, physically, to get down from the top bunk, and that a fall was likely.  At approximately 3 am on December 11, 2021, Mr. Miranda and the three other men were rousted from their sleep and escorted to "K Pod" within the Kendall County Jail.  Mr. Miranda, once again, notified the guards that he required a bottom bunk do to his weight and a prior leg injury, and that his ability to get down for the top bunk was impaired and a safety issue.  Mr. Miranda was told "you are going to do what we f***ing tell you to do;" his request for a top bunk was, at best, ignored, or, as is more likely the case, outright refused.

7. Shortly after 5:00 am, the lights came on in the pod and the inmates were awoken. As Mr. Miranda attempted to lower himself from the top bunk he fell, and suffered a "comminuted acute compression fracture at L1 with mild superior endplate deformity," along with other injuries.

8. EMS was called to the jail to assist with transport to the local emergency room, Methodist ER Boerne. At the time, Kendall County did not have any medical staff on site, nor did they have a spinal board, commonly referred to as a "back board." Spinal boards are indicated for use in the transport of people who may have a spinal cord injury, such as Mr. Miranda. EMS asked for permission to bring in the spinal board located in the ambulance, but were denied by the jail staff. Mr. Miranda was picked up, and ultimately "dumped" on the gurney by jail staff, and transported to Methodist ER Boerne. Once there, a captain with the Kendall County Sheriff notified Mr. Miranda that he had served his commitment, and was released from the custody of the Kendall County Sheriff's Office; the jail staff collected Mr. Miranda's belongings in a trash bag, threw it on the floor, and walked away.

**D. COUNT I. Unconstitutional Condition of Confinement. (42 U.S.C. § 1983)**

9. Plaintiff brings this action for damages sustained by him, a citizen of the United States, against KENDALL COUNTY, TEXAS, for its actions and omissions with their condition of confinement count under color of law by unlawfully forcing Miranda to sleep on the top bunk. Defendants acted with deliberate indifference to Mr. Miranda health and safety by forcing Mr. Miranda in an upper bunk; Kendall County knew that placing an individual in Mr. Miranda' condition on a top bunk would ultimately lead to injury. Mr. Miranda's fall was entirely predictable and foreseeable given his weight and previous leg injury. Defendant Kendall County had a de facto or actual policy in effect that forced those who were too infirm, physically unfit, or otherwise unable to be placed on the top bunk. Defendants acted with deliberate indifference to Mr. Miranda medical needs in violation of his individual rights under the Eighth, and

Fourteenth Amendments to the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983.

10. The Kendall County, acting under color of law, and pursuant to the customs and policies of Kendall County deprived Plaintiff Gabriel Miranda of rights and privileges secured to him by the Eighth, and Fourteenth Amendments to the United States Constitution and by other laws of the United States, by failing to accommodate the lower bunk status, and through deliberate indifference to his health and safety, in violation of 42 U.S.C. § 1983 and related provisions of federal law, and in violation of the cited constitutional provisions.

### E. Damages

11. As a result of Defendant's intentional violation of Plaintiff's constitutional and statutory rights, Plaintiff Miranda has suffered severe and permanent personal physical injuries and damages, which are enumerated as follows:

   a. Mental anguish, including emotional pain, torment, humiliation, fear, and suffering Plaintiff has suffered in the past;

   b. Mental anguish, including emotional pain, torment, humiliation, fear, and suffering Plaintiff will, in reasonable probability, suffer in the future;

   c. Physical pain and suffering incurred in the past;

   d. Physical pain and suffering Plaintiff will, in reasonable probability, suffer in the future;

   e. Impairment Plaintiff has suffered in the past;

   f. Impairment Plaintiff will, in reasonable probability, suffer in the future;

   g. Past and future medical expenses that were and are necessary to treat Plaintiff's personal physical injuries and damages; the charges for which were and are reasonable in San Antonio, Bexar County Texas and Boerne, Kendall County, Texas. Such past and future medical care includes, but is not limited to: surgical care, post-operation treatment, physical rehabilitation, nursing care, transportation to and from treatment, residential treatment, and housing that is compliant with the Americans with Disabilities Act;

   h. Pursuant to 42 U.S.C. § 1983, Plaintiff is further entitled to recover and hereby requests the award of exemplary damages against all defendants;

    i.   Reasonable attorney's fees and costs of court;

    j.   Pre-judgment and post-judgment interest as allowed by law;

### F. Attorney's Fees

12. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury and tenders the jury fee.

### H. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant, KENDALL COUNTY, TEXAS, be cited to appear and answer herein and that upon a final jury trial, Plaintiff be awarded in favor of Plaintiff for actual damages, exemplary and punitive damages, attorney's fees, costs of court, and pre- and post- judgment interest at the legal rate, and for such other and further relief to which he may be justly entitled at law, or in equity.

Respectfully submitted,

LAW OFFICE OF ROBERT F. WHITE, P.C.
10107 McAllister Freeway
San Antonio, Texas 78216
Telephone: (210) 771-5766
Facsimile: (210) 428-6410

By:    /S/Robert F. White
        ROBERT F. WHITE
        Texas Bar No. 24067934
        robert@rfwpc.com
        Attorney for Plaintiff
        Gabriel Miranda